**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4408**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

MARCUS WAYNE COVINGTON,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Jr., District Judge. (1:08-cr-00495-WO-1)

_____

Submitted: March 24, 2011        Decided: March 31, 2011

_____

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

J. Donald Cowan, Jr., Heather Howell Wright, ELLIS & WINTERS LLP, Greensboro, North Carolina, for Appellant. John W. Stone, Jr., Acting United States Attorney, Michael A. DeFranco, Assistant United States Attorney, James E. Minogue, Third Year Law Student, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Wayne Covington was convicted by a jury of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006), possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2006), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2006). On appeal, Covington argues that the district court abused its discretion by not permitting him to display to the jury the scars and disfigurement he sustained to his right arm as a result of gunshot injuries that preceded the charges against him. We affirm.

We review a district court's evidentiary rulings for abuse of discretion. United States v. Blake, 571 F.3d 331, 350 (4th Cir. 2009). A district court abuses its discretion when its decision to exclude evidence is arbitrary and irrational. United States v. Weaver, 282 F.3d 302, 313 (4th Cir. 2002).

Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. However, relevant evidence may be excluded when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid.

403; Buckley v. Mukasey, 538 F.3d 306, 318 (4th Cir. 2008). Unfair prejudice occurs when "there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." United States v. Williams, 445 F.3d 724, 730 (4th Cir. 2006) (internal quotation marks, alteration, and citation omitted). We review a district court's decision to exclude evidence under Fed. R. Evid. 403 and 401 "under a broadly deferential standard, and will not overturn a district court's ruling in the absence of the most extraordinary circumstances in which the court's discretion has been plainly abused." United States v. Hassouneh, 199 F.3d 175, 183 (4th Cir. 2000).

Our review of the record leads us to conclude that the district court's evidentiary ruling challenged on appeal did not constitute an abuse of the court's considerable discretion. Accordingly, we affirm Covington's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED